STEVE DORYK, BY FRANCES DORYK KUZMAR, HIS NEXT FRIEND, AND FRANCES DORYK KUZMAR, INDIVIDUALLY, RESPONDENTS, v. PERTH AMBOY BOTTLING COMPANY, A CORPORATION, APPELLANT.

Submitted May 27, 1927—Decided December 1, 1927.

For the appellant, *Frank G. Turner.*

For the respondents, *John E. Toolan.*

The opinion of the court was delivered by

KALISCH, J.   This is an appeal from a judgment entered in the Supreme Court on a verdict of a jury at the Middlesex Circuit, in favor of the infant plaintiff for the sum of $4,000, and in favor of the father, who joined in the action against the Perth Amboy Bottling Company, for the sum of $500.

The latter's appeal is based upon the refusal of the trial judge to grant appellant's motion for a nonsuit and at the close of the entire case to direct a verdict for defendant on the same grounds as urged for a nonsuit, and upon alleged errors in the charge of the trial judge, and his refusal to charge certain requests made by appellant, and in the court's rulings relating to the admission of testimony offered by the plaintiff.

These grounds of appeal will be considered in the order in which they are presented in the brief of appellant's counsel. The first four points of the brief relied on by appellant for a reversal are as follows: "1. No negligence was shown on part of the corporate defendant.   2. Plaintiff was guilty

of contributory negligence. 3. There should have been a non-suit because plaintiff claimed to be an employe. 4. The trial judge should have directed a verdict for defendant."

A statement of the facts which the jury were warranted in finding under the evidence will make it manifest that the trial judge properly refused the motion for a nonsuit and the motion to direct a verdict for defendant.

The infant plaintiff, Stephen Doryk, on April 17th, 1926, was riding on the defendant's truck at the invitation of the driver, and was at the time of the accident standing in a space of twelve inches by eight inches in the rear end of the truck, holding on to an ice box, which had been taken aboard before starting out, the tailboard of the truck being up and closed; and while the truck, going at a speed of fifteen miles an hour, was in the act of turning from New Brunswick avenue into Laurie street, it gave a sudden and forcible jerk, resulting from the locking of its brakes, and which jerk was of sufficient violence to throw Stephen into the street, whereby he was grievously injured.

Stephen, at the time of the happening of the accident, was ten years of age. There was proof that often prior to the day of the mishap to Stephen he was employed occasionally in one way or another in the bottling establishment, and that the president of the appellant company, who is also its manager, had at various times paid Stephen for his services; that on the day of the accident he had helped the driver to unload the truck in the presence of the president of the appellant company, who was present when Stephen was invited by the driver to get aboard the truck, and saw him get on.

There was also testimony from which the jury would have been warranted in finding that the truck was going at a speed of fifteen miles an hour, when making the turn and when the brakes locked, and that as a consequence there would be and was a sudden jerk, the violence of which depended very much upon the speed of the truck, at the time of the locking of the brakes; that at any rate, the violence of the jerk, in the instant case, was sufficient to hurl Stephen from the truck to the street; that the locking of the brakes was either the result of

their being out of order or of careless operation of the truck in the management of the brakes. For there was testimony that on the same day, before the happening of the accident, the brakes had locked, causing the truck to jerk and that this erratic action of its brakes was repeated after the happening of the accident on its way to the police station.

In *Consolidated Traction Co.* v. *Thalheimer*, 59 *N. J. L.* 474, Mr. Justice Magie, speaking for this court, of the use of brakes, in connection with the operation of street cars (at *p.* 476), says: "Brakes which, when applied quickly, or when after being applied are released quickly, before the momentum of the car has been overcome, produce known mechanical effects upon persons on the car, the occurrence of a lurch or jerk of the violence described fairly justifies an inference that either the tracks were improperly laid or were out of order or the brakes were improperly handled. At all events, the fact that such a lurch or jerk occurred, as would have been unlikely to occur if proper care had been exercised, brings the case within the maxim '*res ipsa loquitur*,' as expounded in the Court of Errors and Appeals in *Bahr* v. *Lombard Ayres & Co.*, 24 *Vr.* 233, and in the Supreme Court in *Excelsior Electric Co.* v. *Sweet*, 28 *Id.* 224."

Counsel of appellant in his brief further argues that even if the appellant's servant was guilty of negligence, nevertheless, the plaintiff Stephen is debarred of a recovery since he was guilty of negligence proximately contributing to his injury, in that he assumed a position on the truck where he had to hold on to the ice box. But this is an unwarranted assumption. He was invited on the truck by the driver with the implied consent of the manager, who saw the plaintiff get on the truck and made no objection. It appears that he was directed to take his place in the space where he stood at the time when he was thrown from the truck, and that the manager of the defendant company saw the plaintiff in the place assigned to him.

The plaintiff was of tender age and the question whether he exercised that reasonable degree of prudence for his safety as may be expected from a child of his age, intelligence and

experience was not a court but a jury question. Moreover, there was no causal relation between the plaintiff's act in taking his position on the truck and where he stood when he was hurled from it, and the driver's negligent manner in operating the truck. The plaintiff was under no legal duty to anticipate that the driver of the truck would so manage it as to make the place where the plaintiff stood a place of danger.

Next, it is argued on behalf of the appellant that the plaintiff was not entitled to recover in his action at law since he was an employe of the appellant company at the time he was injured, and that being so, his only remedy against the appellant company was under the Workmen's Compensation act. This contention is without apparent force. There was testimony adduced by the plaintiff that at intervals he had done some odd job in and about the appellant's bottling establishment for which he was paid. The appellant company denied that the plaintiff was ever in its employ. Besides, there is nothing in the testimony to indicate that at the time the plaintiff was injured he was in the appellant's employ.

Lastly, in support of appellant's motion for a nonsuit and for direction of a verdict, it is argued that the plaintiff was at most a mere licensee to whom the appellant owed no duty except to refrain from doing him a willful and wanton injury.

Under the testimony in the cause the question whether the plaintiff was a licensee or invitee became a factual one for the decision of the jury.

From the record it appears that there were five distinct requests to charge presented to the trial judge on behalf of the appellant and that an exception was taken to the refusal of the court to charge the first request. This act was immediately followed by appellant's counsel stating: "I would like to except to the refusal of the court to direct the jury to make specific findings." No exceptions appear to have been taken to the refusal of the trial judge to charge the second, third, fourth, fifth and sixth requests. We have examined all the requests and find no merit in any of them. The requests were properly refused, since it appears from a perusal of them that

each contained matter which is foreign to the issue then being tried before the court and jury.

Nor do we find any merit in any of the grounds of appeal based upon exceptions to the charge of the trial judge.

Under the tenth point of the brief of appellant's counsel it is argued that the trial judge erred in permitting testimony to be introduced by plaintiff in relation to the operation of the brakes of the truck on the morning and prior to the happening of the accident. This testimony was clearly admissible, for whether the brakes were in good order or not was pertinent to the inquiry whether or not the driver of the truck was aware of their condition, and, therefore, should have controlled his truck accordingly.

Under point eleven of the brief of appellant's counsel, it is urged, as a ground for reversal, that the court permitted Joseph Doryk to testify what the driver of the truck said to the plaintiff at the time he invited him toward the truck. The witness testified: "The driver called Steve and said, come on. He called Steve, he said, 'Come on take the empty cases off, we have got to hurry up and go to Cartaret.'" We think this testimony was competent in order to show invitation, and the extent of it, it being pertinent upon the inquiry whether the plaintiff was a licensee or an invitee.

The matter argued under point twelve is like in character to that which was discussed under point eleven of the brief of appellant's counsel, and only differs in the respect that the testimony to which objection was made was being elicited from another witness as to the nature of the invitation extended by the driver to the plaintiff, and for the reasons above stated, we think the testimony was properly admitted.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.